IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TAYBRONNE A. WHITE,        )  | |
|     Plaintiff,        ) | Civil Action No. 7:22-cv-00082 |
|             ) | |
| v.        ) | |
|             ) | By: Joel C. Hoppe |
| HAROLD CLARKE, *et al.*,        ) |     United States Magistrate Judge |
|     Defendants.        ) | |

**ORDER**

Taybronne A. White, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His claims stem from an incident at Red Onion State Prison (Red Onion) when he was in an altercation with other inmates, and a K-9 dog was used on him, causing injuries. He has named as defendants Harold Clarke, (the Director of the Virginia Department of Corrections VDOC), Warden Kiser (Red Onion's Warden), and Stephen McReynolds, the K-9 officer.

Defendants Clarke and Kiser have filed a motion to dismiss for failure to state a claim, to which White has responded. McReynolds has filed a separate motion for summary judgment, to which White also has responded. Those motions will be addressed by the presiding judge, Judge Dillon, in due course.

Pending before the court now is a motion to stay discovery filed by Clarke and Kiser. (Dkt. No. 27.) In it, they contend that discovery should be stayed pending a decision on their motion to dismiss. The time for responding to that motion has passed, and the court thus considers the motion unopposed.

Even if it were opposed, though, the court finds that the requested stay is appropriate. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 n.1 (M.D.N.C. 2003) (explaining that it is

within a court's discretion to stay discovery pending resolution of a pending dispositive motion). In determining whether to issue a stay in this circumstance, the court considers factors such as "the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue in the dispositive motion." *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020) (citations omitted).

Having considered those factors, the court concludes that the requested stay is warranted. First, if the motion to dismiss were granted, it would result in the dismissal of all claims against Clarke and Kiser. Second, discovery is not needed in order to respond to the motion to dismiss, which White already has done. Third, the court notes that discovery is already proceeding against the third defendant, who was directly involved in the incident, and White's discovery was directed jointly at all three defendants. Thus, White is already receiving answers to the same discovery, although from a different party. Judicial economy would also be served by a stay.

For all these reasons, in addition to the fact that White has not opposed the motion, it is hereby ORDERED that defendants' motion to stay (Dkt. No. 27) is GRANTED, and all discovery directed to Clarke and Kiser is hereby STAYED pending a ruling on their motion to dismiss. If the motion to dismiss is not granted, then they shall respond to all outstanding discovery not later than thirty days after the court's ruling on the motion to dismiss.

The Clerk is directed to send a copy of this order to White and to all counsel of record.

It is so ORDERED.

ENTER: October 6, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge